(50 Misc. Rep. 183.)

AMERICAN ICE CO. v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   March 26, 1906.)

1. STREET RAILROADS—COLLISIONS WITH VEHICLES ON TRACK—RATE OF SPEED
   —NEGLIGENCE AS MATTER OF LAW.
   The fact that a street car is running in a sparsely settled and little
   frequented locality at a speed of from 15 to 20 miles an hour is not, of
   itself, negligence as a matter of law with respect to a collision with a
   vehicle on the track.

2. SAME—ACTIONS—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.
   In an action against a street railway for injuries resulting from a col-
   lision between defendant's car and plaintiff's wagon, evidence examined,
   and *held* to show contributory negligence on the part of the driver of the
   wagon.

3. SAME—EVIDENCE—PRIOR ACCIDENTS—ERROR—REVERSIBLE ERROR.
   In an action against a street railway for injuries resulting from a col-
   lision between defendant's car and plaintiff's wagon, the admission of
   evidence that defendant's motorman had previously been concerned with
   an accident was erroneous, although it may not have affected the result,
   and would not, of itself, call for a reversal.
   O'Gorman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the American Ice Company against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

William E. Weaver, for appellant.

Palmer & Adams (B. B. Gattell, of counsel), for respondent.

SCOTT, P. J. This is an action for damages resulting from a collision between one of plaintiff's carts and one of defendant's cars. The accident occurred in Amsterdam avenue near 174th street, at about 10 o'clock at night, but the street lights were lit, and there seems to have been no difficulty in seeing objects at a reasonable distance. Both vehicles were going down the avenue, and plaintiff's wagon was struck from the rear. The main dispute on the trial was as to how long the cart had been on the track before the collision. The driver of the cart died from his injuries. The plaintiff insists that the cart had been on the track in front of the car for a considerable time, quite long enough for the motorman to have seen it, and slowed up so as to avoid a collision. The defendant claims that the ice cart had been driving along the avenue by the side of the track, and that the driver started to drive onto the track about 25 or 30 feet ahead of the car, so near that a collision could not be avoided. The principal witness for the plaintiff was the man who was the conductor of the car when the accident happened, but who was afterwards discharged. He swears that he went to the front platform, and saw the ice wagon squarely on the track ahead of the car, and that it was then two blocks away; that he started back to collect fares, and that the collision occurred in two seconds afterwards. Of course this estimate of distance and time must be erroneous in one or

both of its elements, for it is quite impossible that the car could have traveled at the rate of nearly 140 miles an hour, which would have been its approximate speed according to the estimate of the ex-conductor, and to which he persistently adhered. It is true that the witnesses generally testify that the car was proceeding very fast—from 15 to 20 miles an hour—but this alone was not negligent as matter of law in a sparsely settled and little frequented locality. The conclusion is irresistible that the witness underestimated the distance or overestimated the time, or both. In either event, his evidence is of but slight value. Another witness for plaintiff, who was a passenger on the car, did not see the accident or notice the ice wagon before the accident. A third witness, a messenger boy, had his attention attracted by hearing some one shout. He then looked, and saw the ice wagon about 25 feet ahead of the car. His testimony is as consistent with defendant's contention as it is with that of plaintiff. The defendant's witnesses, three in number, including the motorman, testify that the ice cart started across the track a very short distance in front of the car, some putting the distance as low as 25 feet. The plaintiff's contention in its length and breadth is thus supported only by the very unreliable evidence of the former conductor. The position of the car after the accident seems to accord rather with the defendant's theory than with that of plaintiff. The claim is that the ice wagon tried to cross from the middle of the avenue, where the tracks are wide apart, to the westerly side, and the motorman says that he hit the cart on the right side near the rear. The effect of such a blow would be to force the back of the cart down town, and turn it partially around, so that the front of the cart and the horses would be towards the car. All the evidence (the plaintiff's as well as the defendant's) is that after the collision the front wheels of the cart and one of the horses were under the front of the car, and one of plaintiff's witnesses says that the other horse was turned completely around, facing towards the rear of the car. If the cart had been traveling down the track, and had been hit squarely in the rear, the cart and the horses would hardly have been found in this position after the accident. On the whole, the evidence seems to preponderate so strongly in favor of the defendant's claim as to how the accident happened that I am unable to find any evidence whatever tending to acquit the driver of the ice wagon from contributory negligence. The admission of the evidence that the motorman had previously been concerned with an accident was clearly erroneous, although it may not have affected the result, and would not, of itself, call for reversal; but for the other reason stated the judgment should be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

NEWBURGER, J., concurs.

O'GORMAN, J. (dissenting). I dissent. As I view the evidence, this court would not be warranted in disturbing the judgment. It is amply supported by the testimony of several witnesses, including the defendant's conductor. The car was being operated at a dangerously high rate of speed, some of the defendant's witnesses estimating the

speed at 20 miles an hour.   It was the function of the trial court to weigh the evidence, and we are not at liberty to throw out of the case the evidence of unimpeached witnesses, like defendant's conductor, merely because a possible inaccuracy may be discovered in his computation as to the time occupied by defendant's car in traveling the two blocks which separated it from plaintiff's wagon immediately before the collision.   It cannot be asserted on this record that the judgment is against the weight of evidence, and I advise an affirmance.